## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| VISHAL SHAH, GARY INGRAHAM, and DEIA WILLIAMS, individually, and on behalf of all others similarly situated, | § § § § § | |
| | § | No. 1:25-mc-01614-DAE |
| *Plaintiffs* | § § | Honorable Magistrate Judge Mark Lane |
| | § | |
| v. | § | *Issuing Court*: |
| | § | UNITED STATES DISTRICT COURT |
| | § | NORTHERN DISTRICT OF CALIFORNIA |
| CAPITAL ONE FINANCIAL | § | No. 3:24-cv-05985 |
| CORPORATION, d/b/a CAPITAL ONE, | § | |
| d/b/a CAPITAL ONE, NATIONAL | § | |
| ASSOCIATION, d/b/a CAPITAL ONE, N.A., | § | |
| d/b/a CAPITAL ONE SHOPPING, | § | |
| | § | |
| *Defendant* | § | |

---

## PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO QUASH SUBPOENA ISSUED TO M. JASON BALLARD

---

### I.    INTRODUCTION

Capital One has not come close to clearing either hurdle it faces in circumventing Rule 26(b)(4)(D)'s protections. It first claims Plaintiffs[1] waived Rule 26(b)(4)(D)'s protections, but waiver requires putting the consulting expert's work "at issue," and Plaintiffs never did so. Capital One's theory boils down to this: referencing publicly available code from Capital One's own website in Plaintiffs' Complaint is the same as wielding the consulting expert's analysis that considered the code. It plainly is not. When waiver fails, Capital One falls back on "exceptional circumstances," insisting it has no other way to test Plaintiffs' allegations. But the company controls the very website at issue and will have a full opportunity to probe Plaintiffs' claims

---

[1] Devin Rose has since been dismissed as a named plaintiff in this action with prejudice.

through expert discovery. Rule 26(b)(4)(D) erects a meaningful barrier around non-testifying experts; Capital One has not shown any basis to knock it down.

## II.    ARGUMENT

### A.    Defendant has not met its burden to show Plaintiffs waived "any protections" with respect to Mr. Ballard's testing and analysis.

Assuming Rule 26(b)(4)(D) protections can be waived, Capital One has not carried its burden to prove waiver of that claimed protection. *Johnson v. Gmeinder*, 191 F.R.D. 638, 643 (D. Kan. 2000). The thrust of Capital One's waiver argument is that Plaintiffs "included [Ballard's] testing data and screenshots of his analysis in their Complaint" and "reli[ed] on it in response to numerous interrogatories." (ECF No. 8, pp. 10-11). Both miss the mark.

Relying on a non-testifying expert's analysis to draft a complaint doesn't automatically waive Rule 26(b)(4)(D)'s protections. The court's analysis in *Dover v. British Airways, PLC (UK)*, 2014 WL 5090021, at *2 (E.D.N.Y. Oct. 9, 2014), drives that point home. There, the plaintiffs used a consulting expert's statistical work to shape the factual allegations in their complaint and motion to dismiss. But the plaintiffs made clear they wouldn't rely on that expert going forward and would hire new testifying experts instead. The court found no waiver precisely because the earlier analysis wasn't "at issue" in the case once plaintiffs disclaimed future reliance. That result, the court said, makes "good sense." *Id.* "It enables counsel, without fear of waiving work product protection, to do the pre-filing investigation necessary to comply with the duty set forth in Rule 11(b)(3) that 'factual contentions have evidentiary support.'" *Id.* And it encourages "to undertake whatever investigation is necessary so that a complaint complies with the 'plausibility' requirement of Rule 8." *Id.* So too here. Plaintiffs used a consulting expert to confirm certain facts before filing suit but never referenced it in their filings and never designated—indeed, disclaimed—him as a testifying witness. Just as in *Dover*, the protection here stands.

None of the cases Capital One cites support waiver here. (ECF No. 8, p. 6). In every one, the plaintiffs triggered waiver by explicitly referencing the non-testifying expert's work. *Worley v. Avanquest N. Am., Inc.*, 2013 WL 6576732, at *4 (N.D. Cal. Dec. 13, 2013) (plaintiff's complaint expressly touting its expert's findings); *In re iPhone/iPad Application Consumer Privacy Litig.*, 2012 WL 5897351, at *8 (N.D. Cal. Nov. 21, 2012) (plaintiffs attaching the expert report to a public complaint); *Zeiger v. WellPet LLC*, 2018 WL 10151156, at *1 (N.D. Cal. Apr. 10, 2018) (plaintiffs alleging "independent lab testing" results in the complaint itself). By contrast, Plaintiffs' Complaint never mentions any expert.[2] At most, it includes a few screenshots of code visible on Capital One's website—the same code anyone, including Capital One, can pull up with a web browser. Surely using publicly-available information that may have been considered by a non-testifying expert is not the same thing as explicitly wielding and relying on the expert's report.

Capital One's view would let the exception swallow the rule. No investigative report that comes before a complaint is ever completely disconnected from the facts later pleaded—its very purpose, after all, is to test and confirm them. *See In re Shell Oil Refinery*, 132 F.R.D. 437, 441 (E.D. La. 1990) ("The Rule is also designed to protect a party from building his case on the diligent preparation of his adversary."). It cannot be the case that citing those overlapping facts in a complaint automatically opens the door to the report itself (or deposing the consulting expert). If it did, Rule 26(b)(4)(D)'s shield for non-testifying consulting experts would shrink to nothing.

Capital One's claim that Plaintiffs "further waived any protections by voluntarily producing documents relate to Mr. Ballard's investigation to Capital One" is dishonest. (ECF No.

---

[2] To accurately respond to certain Interrogatories, Plaintiffs stated that a pre-complaint investigative expert was used to confirm certain factual allegations, but they asserted work product privilege over any details and the expert himself, thus preserving the Rule 26(b)(4)(D) protection. *See Strobl v. Werner Enterprises, Inc.*, 557 F. Supp. 3d 960, 968 (S.D. Iowa Jan. 3, 2022) (explaining that omitting pre-complaint expert report rendered response "inaccurate and misleading" but that it was no "basis for ordering production of the report" where disclosure of a non-testifying expert under Fed. R. Civ. P. 26(b)(4)(D) wasn't warranted under the circumstances).

8, pp. 11-12). Plaintiffs shared some pre-investigative information as a compromise to avoid a discovery dispute and in response to Defendants repeated demands for the good faith basis for the facts alleged in the complaint. In so doing, they specified that they "are not waiving and have not waived any privilege or work product protection under Rule 26 that they have over this information." *See* Ex. A (E-mails from B. Resch to M. Spencer). Capital One's attempt to weaponize a good-faith compromise only underscores the overreach in its position. Even setting that express reservation aside, courts "allow the work product protection/consultative privilege to be restored even if a testifying expert witness' designation is withdrawn after his/her opinions have been disclosed." *Estate of Manship v. United States of Am.*, 240 F.R.D. 229, 237 (M.D. La. 2006); *Hansen Beverage Co. v. Innovation Ventures, LLC*, 2010 WL 1608880, at *2 (S.D. Cal. Apr. 20, 2010) (collecting cases). The same result should follow here, where Plaintiffs have repeatedly disclaimed the non-testifying expert's designation as a testifying expert in this case.[3]

**B.    Capital One has not shown "exceptional circumstances" exist for disclosure.**

To satisfy its "heavy burden" of showing "exceptional circumstances" that make it impossible to obtain "facts or opinions on the same subject by other means," Capital One argues it has no other way to test the Complaint's allegations. (ECF No. 8, pp. 13-14). That argument comes up short for two straightforward reasons. ***First***, Capital One plainly does have other ways to test Plaintiffs' allegations. The Complaint cites code that appeared on Capital One's own website—an online platform that Capital One controls. Capital One has complete control over its

---

[3] To the extent the Court finds waiver, it should be limited to the content in Plaintiffs' Complaint that overlapped with the pre-investigative report. *In re PolyMedica Corp. Sec. Litig.*, 235 F.R.D. 28, 33 (D. Mass. 2006) (declining to allow "subject-matter waiver" over non-testifying expert where "there is no evidence that the Defendants sough to make use of the report in a judicial proceeding"; the expert "is not testifying"; "there is no showing that the Defendants put the report at issue"; and "Plaintiffs have not shown that their case has been prejudiced in any way by the disclosure of the report"); *Worley*, 2013 WL 6576732, at *5 ("[C]ourts faced with similar situations have allowed a party to discovery only information related to the expert's statements, findings, or opinions that were put at issue; discovery is not allowed into information or material not put in issue or regarding the contents of any privileged communications").

website and can retrieve it. It defies common sense to suggest that Plaintiffs' consulting expert somehow has greater access to Capital One's website than Capital One itself. This is not a case where the relevant information has disappeared or become inaccessible. *See In re Morning Song Bird Food Litig.*, 2015 WL 12791470, at *7 (S.D. Cal. Jan. 23, 2015). **Second**, Capital One will get its chance to test Plaintiffs' allegations through the proper channel: discovery of Plaintiffs' experts. Plaintiffs' expert report is due November 21, with rebuttal reports to follow on December 12. That expert—who is not Mr. Ballard—will supply the analysis that matters for this case. Since Mr. Ballard will not testify, Capital One suffers no prejudice from waiting for that expert analysis. As courts have recognized, there is no harm in barring the deposition of a non-testifying expert who will never appear at trial. *Eidos Display, LLC v. Chunghwa Picture Tubes, Ltd.*, 296 F.R.D. 3, 8-9 (D.D.C. 2013).

**C.    Plaintiffs are entitled to a protective order and reasonable attorney's fees.**

Neither Capital One's waiver theory nor its "exceptional circumstances" showing comes close to justifying its effort to haul in a non-testifying expert for deposition. Capital One leans heavily on its claim that the expert's testing is "the only evidence" supporting Plaintiffs' allegations. (ECF No. 8, p. 14). Not so. Discovery is ongoing, and Capital One's own witnesses have already corroborated key points. At bottom, Capital One is trying to use an extraordinary tool without an extraordinary justification. Thus, the Court should enter a protective order and award Plaintiffs their reasonable attorney's fees as to this motion. *See* Fed. R. Civ. P. 45(d)(1).

### III.    CONCLUSION

For these reasons, Plaintiffs request the Court grant Plaintiffs' motion to quash the subpoena and award appropriate fees.

*[Counsel signature block to follow on next page.]*

Dated: October 21, 2025

Respectfully submitted:

*/s/ Brittany Resch*
Brittany Resch
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
bresch@straussborrelli.com

Lynn A. Toops**
Natalie Lyons**
Vess A. Miller**
Lisa M. La Fornara
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
vmiller@cohenmalad.com
llafornara@cohenmalad.com

J. Gerard Stranch, IV**
Emily E. Schiller**
Kyle C. Mallinak**
John C. Roberts**
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
gstranch@stranchlaw.com
eschiller@stranchlaw.com
kmallinak@stranchlaw.com
jroberts@stranchlaw.com

***Pro hac vice forthcoming**

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Brittany Resch, hereby certify that on October 21, 2025, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 21st day of October, 2025.

Respectfully submitted,

*/s/ Brittany Resch*
Brittany Resch
**STRAUSS BORRELLI, PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
bresch@straussborrelli.com